UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26- 61781-CV-DIMITROULEAS

ALEJANDRO JOSE VILLARREAL UMBRIA,

Petitioner,

v.

WARDEN BROWARD TRANSITIONAL CENTER, ET. AL.,

Respondents.

_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Petitioner Alejandro Jose Villarreal Umbria ("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [DE 1], filed June 24, 2026. The Court has considered the Petition [DE 1] and is otherwise fully advised in the premises.

The Petition states that Mr. Villarreal Umbria was detained by a Border Patrol officer on his way to work three days ago, on June 22, 2026. He maintains he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but instead is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), in accordance with the Eleventh Circuit's May 6, 2026 decision in *Hernandez Alverez v. Warden, Federal Detention Center Miami, et al.,* 175 F.4th 1258 (11th Cir. 2026). Mr. Villarreal Umbria "files this Petition while he is detained within the Southern District of Florida in order to invoke this Court's habeas jurisdiction over his immediate custodian before any transfer that Respondents may effect to a facility located outside the Eleventh Circuit." [DE 1] pp. 7-8.

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C. § 2241(c)(3)). It is the petitioner's burden to establish his right to habeas

relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

Under the Eleventh Circuit's decision in *Hernandez Alverez v. Warden, Federal Detention Center Miami, et al.,* 175 F.4th 1258 (11th Cir. 2026) it appears Petitioner is entitled to a bond hearing under § 1226(a). Nevertheless, a habeas petitioner must first exhaust administrative remedies before seeking review in the district court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one").  Petitioner must therefore move for a bond hearing with ICE before seeking intervention from this Court. Petitioner's speculation that he will be transferred out of this district does not suffice to meet the exhaustion requirement. The Court's action at this juncture would only serve to permit Petitioner to jump to the front of the bond-hearing line. At the same time, Petitioner may renew his petition upon a showing that he has been improperly denied a hearing, following his request.

In his prayer for relief, Petitioner additionally seeks to "[e]njoin respondents from transferring Petitioner outside the Southern District of Florida during the pendency of this action, except for the limited purpose of producing him for any required appearances in this Court or before the Immigration Court in this District." [DE 1] p. 13. Though Petitioner's transfer would no doubt lead to further uncertainty and discomfort for Petitioner for which this Court is sympathetic, the Court lacks jurisdiction to grant this request for relief.  *See, e.g.*, *Barrios v. Ripa,* No. 1:25-CV-22644, 2025 WL 2280485, at *5 (S.D. Fla. Aug. 8, 2025) (quoting *Calla-Collado v. Att'y Gen. of the U.S.,* 663 F.3d 680, 685 (3d Cir. 2011) (stating that Congress vested DHS and as a "part of DHS, ICE" "with [the] authority to enforce the nation's immigration laws" and "the authority to determine the location of detention of an alien in deportation proceedings...and

therefore, to transfer aliens from one detention center to another")). It is within the Government's authority to determine the location of Petitioner's present detention.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [DE 1] is **DENIED WITHOUT PREJUDICE** to renewing upon a showing that Petitioner has been improperly denied a bond hearing.

2. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 25th day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record