UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26- 61781-CV-DIMITROULEAS

ALEJANDRO JOSE VILLARREAL UMBRIA,

    Petitioner,

v.

WARDEN BROWARD TRANSITIONAL CENTER, ET. AL.,

    Respondents.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Alejandro Jose Villarreal Umbria ("Petitioner")'s Emergency Motion to Reopen Case Pursuant to Fed. R. Civ. P. 60(b)(6), Renewed Verified Petition for Writ of Habeas Corpus, and Emergency Motion for Order Directing a Bond Hearing Within Seven Days or Release and Enjoining Transfer Outside the Southern District of Florida [DE 6] filed herein on July 14, 2026. The Court has reviewed the Motion and the record and is otherwise fully advised in the premises. For the reasons stated herein, the Motion [DE 6] is **GRANTED**.

On June 24, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [DE 1]. The Petition stated that Mr. Villarreal Umbria was detained by a Border Patrol officer on his way to work three days prior, on June 22, 2026. Petitioner maintained he was not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) but instead was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), in accordance with the Eleventh Circuit's May 6, 2026 decision in *Hernandez Alverez v. Warden, Federal Detention Center Miami, et al.,* 175 F.4th 1258 (11th Cir. 2026). Mr. Villarreal Umbria "fil[ed] [the] Petition while he is detained within the Southern District of Florida in order to invoke this Court's habeas jurisdiction over his immediate

1

custodian before any transfer that Respondents may effect to a facility located outside the Eleventh Circuit." [DE 1] pp. 7-8. Petitioner furthermore sought to enjoin his transfer outside of this District.

The next day, this Court denied the Petition. In its June 25, 2026 Order, the Court agreed that "it appears Petitioner is entitled to a bond hearing under § 1226(a)," pursuant to *Hernandez Alverez v. Warden, Federal Detention Center Miami, et al.,* 175 F.4th 1258 (11th Cir. 2026). Nevertheless, the Court enforced the exhaustion requirement, stating that Petitioner "must first exhaust administrative remedies before seeking review in the district court." [DE 4] (citing *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015)). Moreover, the Court held that "Petitioner's speculation that he will be transferred out of this district does not suffice to meet the exhaustion requirement." *Id.* Still, the Order noted, "Petitioner may renew his petition upon a showing that he has been improperly denied a hearing, following his request[,]" and dismissed the Petition without prejudice. *Id.*

Less than three weeks later, Petitioner moves for reconsideration of the Court's Order dismissing his Petition without prejudice. Petitioner states, through counsel, that he has now sought a custody redetermination hearing before the Immigration Court in Pompano Beach, Florida, and that a hearing was scheduled for July 10, 2026. But three days before the scheduled hearing, on July 7, 2026, Respondents transferred Petitioner more than 2,700 miles away, to the Golden State Annex detention facility in McFarland, California. The scheduled bond hearing was therefore not held. Petitioner promptly submitted a second request for a custody redetermination hearing, but that filing was rejected by the Immigration Court by notice dated July 13, 2026. By that time Respondents had transferred Petitioner yet again, back to the Broward Transitional Center in this District.

Based upon these representations as verified by the record herein, and based upon the now-clarified law in this Circuit under *Hernandez Alverez v. Warden, Federal Detention Center Miami, et al.,* 175 F.4th 1258 (11th Cir. 2026), it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 6] is **GRANTED.**

2. Respondents **SHALL** provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within this district by **July 22, 2026** and file a notice of compliance in the record.

3. A hearing is **SET** for July 24, 2026 at 10:00 AM in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida.

4. The hearing may be cancelled upon notification that a bond hearing was held.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 16th day of July, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record